IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**JAMAR DANTÉ BOLDING,**

    Plaintiff,

v.                                                                               Civil Action No. **3:11CV106**

**OFFICER TIDDWELL,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Jamar Danté Bolding, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556).

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

Plaintiff, while incarcerated at Virginia Beach Correctional Center ("VBCC"), arranged to have his brother Dionta visit him on November 25, 2010 around 7:00 p.m. Before his brother could arrive, however, Plaintiff was reclassified to administrative segregation. Despite this reclassification, Plaintiff retained his visitation privileges.

When Plaintiff's brother arrived at VBCC, the deputy on duty told Dionta that Plaintiff was not allowed to have visitors. Dionta remained at VBCC for approximately thirty minutes before leaving. Plaintiff, meanwhile, asked Corporal Prieur why Dionta had not arrived. Prieur explained that Dionta did arrive, but he left before the prison staff could inform him that Plaintiff was permitted a visit.

The next day, Plaintiff called Dionta and heard what had happened when Dionta tried to visit. Plaintiff then told Dionta to try to visit the following day. Dionta did so. Upon arrival, however, Deputy Tiddwell looked up Plaintiff's visitation schedule. Tiddwell explained to

3

Dionta that he would not be permitted to visit because Plaintiff had already received a visit on November 25, 2010. Dionta attempted to explain to Tiddwell that it was in fact Dionta who had unsuccessfully attempted to visit Plaintiff on November 25, 2010. Dionta's attempt to visit Plaintiff on that day was unsuccessful.

Plaintiff contends that the VBCC's staff's actions violated Plaintiff's rights guaranteed by the Eighth Amendment[1] and Fourteenth Amendment.[2] Plaintiff requests damages in the amount of $7,000 and asks that Defendants be terminated from their jobs.

## Analysis

### A.  Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). To demonstrate the existence of a state-created liberty interest, Plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.

[2] No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see Puranda v. Johnson*, No. 3:08cv00687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases).

Plaintiff does not have a protected liberty interest in receiving visitors. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor ... is not independently protected by the Due Process Clause."); *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) ("Other examples of prison decisions not giving rise to liberty interests include ... visitation." (citations omitted)); *Marshall v. Morton*, No. 10-6284, 2011 WL 1549516, at *6 (10th Cir. Apr. 26, 2011) ("[R]estrictions on an inmate's ... visitation ... are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause."); *White v. Keller*, 438 F. Supp. 110, 114 & n.4 (D. Md. 1977) (leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), *aff'd*, 588 F.2d 913 (4th Cir. 1978). "[V]isitation is a privilege and not a constitutional right . . . ." *Wright v. Vitale*, No. 91-7539, 1991 WL 127597, at *1 (4th Cir. July 16, 1991). Accordingly, because Plaintiff has not stated a claim for a violation of his due process rights, it is RECOMMENDED that Plaintiff's due process claim be DISMISSED.

### B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (*citing Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state a claim under the Equal Protection Clause, Plaintiff's allegations must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated" and (2) that the differential treatment

was the result of intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff does not allege that Defendants discriminated against him. *Mahoney v. Bostel*, 366 F. App'x 368, 372 (3d Cir. 2010) (rejecting prisoner's equal protection claim in absence of allegation of discrimination). Accordingly, it is RECOMMENDED that Plaintiff's equal protection claim be DISMISSED.

C. **Eighth Amendment**

Plaintiff asserts that Deputy Tiddwell ignored Plaintiff's accusations and did not investigate the matter fully. Accordingly, Plaintiff contends that Tiddwell exhibited deliberate indifference toward Plaintiff which, Plaintiff argues, violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. To the contrary, the fact that Plaintiff did not see Dionta for one week does not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (suggesting that a permanent ban on all visitation might constitute cruel and unusual punishment). Plaintiff has failed to state a claim that any prison official violated his Eighth Amendment rights. Accordingly, it is RECOMMENDED that Plaintiff's Eighth Amendment claim and the entire action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may

also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 8-3-11
Richmond, Virginia