IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMAR DANTE' BOLDING, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:11CV106–HEH
)
OFFICER TIDDWELL, et al., )
)
    Defendants. )

## MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing § 1983 Action)

Plaintiff, a Virginia state prisoner proceeding pro se and in forma pauperis, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

Plaintiff, while incarcerated at Virginia Beach Correctional Center ("VBCC"), arranged to have his brother Dionta visit him on November 25, 2010 around 7:00 p.m. Before his brother could arrive, however, Plaintiff was reclassified to administrative segregation. Despite this reclassification, Plaintiff retained his visitation privileges.

2

When Plaintiff's brother arrived at VBCC, the deputy on duty told Dionta that Plaintiff was not allowed to have visitors. Dionta remained at VBCC for approximately thirty minutes before leaving. Plaintiff, meanwhile, asked Corporal Prieur why Dionta had not arrived. Prieur explained that Dionta did arrive, but he left before the prison staff could inform him that Plaintiff was permitted a visit.

The next day, Plaintiff called Dionta and heard what had happened when Dionta tried to visit. Plaintiff then told Dionta to try to visit the following day. Dionta did so. Upon arrival, however, Deputy Tiddwell looked up Plaintiff's visitation schedule. Tiddwell explained to Dionta that he would not be permitted to visit because Plaintiff had already received a visit on November 25, 2010. Dionta attempted to explain to Tiddwell that it was in fact Dionta who had unsuccessfully attempted to visit Plaintiff on November 25, 2010. Dionta's attempt to visit Plaintiff on that day was unsuccessful.

Plaintiff contends that the VBCC's staff's actions violated Plaintiff's rights guaranteed by the Eighth Amendment[1] and Fourteenth Amendment.[2] Plaintiff requests damages in the amount of $7,000 and asks that Defendants be terminated from their jobs.

## Analysis

### A.   Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). To demonstrate the existence of a state-created liberty interest, Plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." *Sandin v. Conner*,

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.

[2] No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

515 U.S. 472, 484, 487 (1995); *see Puranda v. Johnson*, No. 3:08cv00687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases).

Plaintiff does not have a protected liberty interest in receiving visitors. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor . . . is not independently protected by the Due Process Clause."); *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) ("Other examples of prison decisions not giving rise to liberty interests include . . . visitation." (citations omitted)); *Marshall v. Morton*, No. 10-6284, 2011 WL 1549516, at *6 (10th Cir. Apr. 26, 2011) ("[R]estrictions on an inmate's . . . visitation . . . are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause."); *White v. Keller*, 438 F. Supp. 110, 114 & n.4 (D. Md. 1977) (leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), *aff'd*, 588 F.2d 913 (4th Cir. 1978). "[V]isitation is a privilege and not a constitutional right . . . ." *Wright v. Vitale*, No. 91-7539, 1991 WL 127597, at *1 (4th Cir. July 16, 1991). Accordingly, because Plaintiff has not stated a claim for a violation of his due process rights, it is RECOMMENDED that Plaintiff's due process claim be DISMISSED.

### B.  Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim under the Equal Protection Clause, Plaintiff's allegations must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated" and (2) that the differential treatment was the result of intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff does not allege that Defendants discriminated against him. *Mahoney v. Bostel*, 366 F. App'x 368, 372 (3d Cir. 2010) (rejecting prisoner's equal protection claim in absence of allegation of discrimination). Accordingly, it is RECOMMENDED that Plaintiff's equal protection claim be DISMISSED.

### C.  Eighth Amendment

Plaintiff asserts that Deputy Tiddwell ignored Plaintiff's accusations and did not investigate the matter fully. Accordingly, Plaintiff contends that Tiddwell exhibited deliberate indifference toward Plaintiff which, Plaintiff argues, violates the Cruel and Unusual Punishments Clause of the

4

Eighth Amendment. To the contrary, the fact that Plaintiff did not see Dionta for one week does not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (suggesting that a permanent ban on all visitation might constitute cruel and unusual punishment). Plaintiff has failed to state a claim that any prison official violated his Eighth Amendment rights. Accordingly, it is RECOMMENDED that Plaintiff's Eighth Amendment claim and the entire action be DISMISSED.

(August 3, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed objections.[3]

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may

---

[3] The Court notes that Plaintiff's objections are unsigned, in violation of Federal Rule of Civil Procedure 11. Nevertheless, the Court will address the merits of his objections in the interest of expeditiously resolving this claim.

5

adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's Report and Recommendation regarding all three claims for relief. Plaintiff argues that VBCC staff violated his due process rights because he was entitled to a "proper board hearing" before he was placed in administrative segregation and had his visitation rights suspended.[4] (Objections 1.) As the Magistrate Judge noted, Plaintiff fails to demonstrate that he enjoys a protected liberty interest in visitation or avoiding segregation. *DeBlasio v. Johnson*, 128 F. Supp.2d 315, 328-29 (E.D. Va. 2000) (observing that changes in the daily routine of an inmate's confinement, including the loss of privileges such as visitation rights, do not constitute the denial of a liberty interest); *see also Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases regarding the requirements for a court to find a liberty interest in avoiding administrative segregation). Contrary to Plaintiff's suggestion, "a state's failure to abide by its own law as to procedural protections is *not* a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (emphasis in original). Plaintiff's objection to the dismissal of his due process claim will be overruled.

Plaintiff alleges that he was treated differently from other inmates in his housing facility because Plaintiff was denied visitation privileges. To raise an equal protection claim on this basis, Plaintiff must allege that (1) he "has been intentionally treated

---

[4] Plaintiff cites no legal authority in support of this position.

6

differently from others similarly situated" and (2) "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citing cases). Plaintiff satisfies neither standard.

First, Plaintiff must show that he was similarly situated to other inmates in all relevant respects. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff, however, compares himself to all other inmates in his housing facility, only some of whom had committed major rule violations. Plaintiff does not identify any specific inmate who committed the same major rule violation that he committed. Accordingly, Plaintiff has failed to allege facts that suggest that he was actually treated differently from others who were sufficiently similarly situated.

Nevertheless, even assuming that Plaintiff was treated differently from those similarly situated, Plaintiff must allege that there is no "conceivable basis which might reasonably support the challenged" disparate treatment, and "'the relationship of the [disparate treatment] to its goal' must be 'so attenuated as to render the distinction arbitrary.'" *Van Der Linde Hous., Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293-94 (4th Cir. 2007) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)). Plaintiff may accomplish this by negating "every conceivable basis which might support the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 711 (6th Cir. 2005) (internal quotations omitted). Plaintiff has done neither. To the contrary, he explains that the reason his visitation privileges were denied was because he committed a major rule violation. Plaintiff does not attempt to demonstrate that the denial of visitation

7

privileges was an irrational response or that it was prompted by some animus harbored by prison officials. Accordingly, Plaintiff's objections to dismissal of his equal protection claim will be overruled.

Plaintiff asserts that the prison staff exhibited deliberate indifference to Plaintiff when they denied Plaintiff his visitation privileges. Plaintiff merely restates his original Eighth Amendment claim without identifying any error in the Magistrate Judge's reasoning. Plaintiff's objection to the dismissal of his Eighth Amendment claims will be overruled.

## IV. CONCLUSION

Plaintiff's claims will be dismissed for failing to state a claim upon which relief can be granted. Plaintiff's objections will be overruled. The Report and Recommendation will be accepted and adopted. The Clerk will be directed to note the disposition of the action for the purposes 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 13 2012
Richmond, Virginia

8